**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MICHAEL DEZAY JACKSON                                                    PETITIONER
Reg. #15129-026

V.                                        2:14CV00114-JLH-JJV

RIVERA, WARDEN, FORREST
CITY CORRECTIONAL FACILITY                                              RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

On March 27, 2008, in the United States District Court for the Central District of Illinois, Petitioner, Michael Jackson, pled guilty to one count of possession of crack cocaine with intent to distribute.  (Doc. No. 13-1 at 4.)  He received a sentence of 240 months.  (*Id*. at 2.)   Later, on May 31, 2011, Petitioner's sentence was reduced to 204 months.  (Doc. No. 13-2 at 1.)

On September 18, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. No. 1.)  In the Petition, he alleges that the enhancement of his sentence as a career offender was both illegal and unconstitutional.  (Doc. No. 1 at 4.)  Petitioner argues that (1) the government's use of the enhancement statute for simple possession conflicts with congressional intent (*Id*.); (2) he is not a career offender within the meaning of the statute and, thus, the enhancement was wrongly applied in his case (*Id*.); and (3) the 240-month prison sentence ultimately violated his due process.  (*Id*. at 4-5.)  Respondent counters that Petitioner did not raise a timely 28 U.S.C. § 2255 motion in the Central District of Illinois and he cannot demonstrate the inadequacy or ineffectiveness of the § 2255 remedy in the sentencing court.  (Doc. No. 13 at 2.) Therefore, Respondent contends the Eastern District of Arkansas lacks jurisdiction to consider Petitioner's challenge under 28 U.S.C. § 2241.  (*Id*.)

The Court has reviewed the Petition, Response and supporting documentation.  After careful review of the evidence in this case, the Court finds that it lacks jurisdiction to consider Petitioner's claim under 28 U.S.C. § 2241, because Petitioner did not properly file a motion first under 28 U.S.C. § 2255 in the sentencing district.

## II.     ANALYSIS

In his Petition for Writ of Habeas Corpus, Petitioner indicates he is challenging his sentence. (Doc. No. 1 at 1.)  Conspicuously located next to the box that Petitioner checked, the form reads, "CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. § 2255 in the federal court which entered the judgment." (*Id.*) 28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that . . . the sentence was in excess of the maximum authorized by law . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  Nothing in the record indicates that Petitioner has filed the required § 2255 motion in the Central District of Illinois.

The statute provides in section (e) that an application for a writ of habeas corpus shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, unless it also appears that the remedy by motion would be inadequate or ineffective.  Here, Petitioner has not shown that the remedy under 28 U.S.C. § 2255 would have been inadequate or ineffective.

The statute also imposes a one-year limitation period for the proper motion to be filed. Because the Petitioner has not filed the required motion, and nearly seven years have passed since his judgment became final, the Petitioner is time-barred from filing this motion in the Central

District of Illinois.  And because the Petitioner failed to file the proper motion within the prescribed time period, he cannot now proceed under 28 U.S.C. § 2241.

That Petitioner has lost his ability to petition for Writ of Habeas Corpus due to a procedural defect is not something this Court takes lightly.  But the statute is clear and Petitioner must file the proper motion in the sentencing court before filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Therefore, because the Court does not have jurisdiction in this case, the Petition for Writ of Habeas Corpus should be dismissed.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED, and the requested relief be DENIED.

DATED this 7th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE